# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **DERRICK PETROLEUM SERVICES,** | § | |
| *PLAINTIFF*, | § | |
| | § | |
| *V.* | § | **CIVIL ACTION NO. 4:14-CV-01520** |
| | § | **JURY DEMANDED** |
| **PLS, INC.** | § | |
| *DEFENDANT*. | § | |

## DEFENDANT PLS, INC.'S OBJECTIONS TO DEPOSITION EXCERPTS OF NAVEEN SEETHARAMA

Defendant PLS, Inc. ("PLS") objects to the excerpts proposed by Plaintiff, Derrick Petroleum Services as follows:

In addition to the objections that follow in the chart below PLS generally objects to the offer as it is unreasonably cumulative, duplicative and disruptive to the proceeding. That is, PLS carefully selected passages to keep the offer to half an hour. Conversely, Derrick's offer is nearly an hour and a half. In addition to the foregoing statement, PLS specifically objects as follows:

| **PAGE/LINE** | **OBJECTION** |
|---|---|
| 14/12 | This testimony appears to be expert testimony and the witness was not designated as an expert. In addition, the underlying data upon which his opinions would be based was not produced. |
| 22/12 thru 23/1 | This testimony appears to be expert testimony and the witness was not so designated. |
| 33/18 thru 34/21 | Objection. None of these questions and answers are probative with regard to anything as they are simply a series to failures to recall in misunderstandings by the witness and cannot be offered for any probative reason. |

| **PAGE/LINE** | **OBJECTION** |
|---|---|
| 38/8 thru 39/3 | Objection. This is a series of questions and answers where the witness either doesn't remember or didn't understand the question. In addition, not withstanding that objection the information is simply not relevant to any issue before the Court. |
| 40/12 thru 41/3 | Objection. This is another series of questions where the witness either doesn't recall or cannot answer the question. The answers are simply not probative of any issue before the Court. |
| 42/12 thru 42/20 | Objection. The question was vague and was later rephrased. An objection was raised during the deposition and only the answer to the second questions would be relevant. |
| 42/22 thru 43/3 | The witness doesn't know the answer so therefore it is not probative of any issue before the Court. |
| 46/25 thru 47/16 | Objection. This is just a discussion between the witness and the lawyer attempting to orient them to the same page but it is not probative of any issue. |
| 49/16 thru 23 | Counsel object to the form of the question. In both of the questions, they are incomplete and vague. |
| 50/13 thru 18 | Counsel object to the question as it was vague and incomplete. |
| 50/19 thru 52/7 | This is an exchange between the witness and counsel where none of the information is probative to any issue before the Court. |
| 54/3 thru 14 | This series of questions is duplicative of prior offers. |
| 54/24 thru 58/22 | This examination relates to whether or not the witness viewed PLS's data. The witness could not recall or recollect any of the information and thus all the questions are inadmissible because they lack foundation since the witness has no memory. |
| 61/24 thru 63/7 | This examination is the witness either not recalling or not knowing the answers and therefore is not probative to any issue before the Court. |
| 68/24 thru 70/3 | This series of questions relies upon information that the witness has no memory about and therefore lacks foundation. Alternatively, the witness is asked to speculate about Ms. Pavithra and he should be permitted to so speculate. |

20140419.20140419/1956025.1

| PAGE/LINE | OBJECTION |
|---|---|
| 74/3 thru 16 | The witness has no recollection of access the database and therefore is irrelevant to any issue before the Court. |
| 74/3 thru 82/23 | It is duplicative of earlier testimony. |
| 98/24 thru 101/9 | Is an examination largely focused on what Mr. Deodar said or intended with his writings. This witness is not competent, and so speculate, and has no foundation to offer such speculation. |
| 103/17 thru 104/17 | This passage is simply not relevant to any issue before the Court. |
| 105/8 thru 20 | This witness testifies he doesn't know the answer and should not be allowed to speculate. |
| 188/19 thru 190/5 | In spite of having answered to his own counsel that he does not know who owns the database, his own counsel pushes the witness to change his answer. A witness should not be able, thru his own counsel, to be rehabilitated in this fashion. More importantly, however, this witness should not be allowed to testify on the ultimate issue of fact when he has no expertise or foundation to so testify. |
| 191/18 thru 193/10 | This exchange was not in response to any questions. In fact all the questioner would say is the word "Okay" and his witness was led to the answer each and every time. The objection is leading. |
| 194/16 thru 195/8 | The question is improper because it asks the witness, who is not even the corporate representative, what additional relief should be requested from the Judge. |

WHEREFORE, PREMISES CONSIDERED, PLS, Inc respectfully prays that all parties take notice of these objections to the deposition of Naveen Seetharama.

3

                HIRSCH & WESTHEIMER, P.C.

                By:      */s/Eric Lipper*
                   Eric Lipper
                   State Bar No. 12399000
                   Melissa N. Sternfels
                   State Bar No. 24037181
                   1415 Louisiana, 36th Floor
                   Houston, Texas 77002
                   713.220.9181 (Telephone)
                   713.223.9319 (Facsimile)
                   Email: elipper@hirschwest.com

OF COUNSEL:               Email: msternfels@hirschwest.com

Clifford H. Walston           **ATTORNEYS FOR DEFENDANT,**
PLS, Inc.                         **PLS, INC.**
One Riverway, Suite 2500
Houston, Texas 77056

## **CERTIFICATE OF SERVICE**

  I do hereby certify that on this November 7, 2014, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Brendan D. Cook
Baker & McKenzie, LLP
700 Louisiana, Suite 3000
Houston, Texas 77002
***Via Facsimile No. 713-427-5099***

        By: _____*/s/Eric Lipper*_____
          Eric Lipper