**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DERRICK PETROLEUM SERVICES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-1520 |
| | § | |
| PLS, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The court held a bench trial in November 2014 on two of the disputed issues between PLS, Inc. and Derrick Petroleum Services: (1) who owns the Database; and (2) whether the Memorandum of Understanding terminated when its five-year term expired, or whether the provision for a separate LLC after the business reached the $2 million annual revenue target extended the term. Based on the pleadings, the briefs and exhibits, the testimony, arguments, and exhibits presented at the bench trial, the posthearing briefs and submissions, and the applicable law, the court found and concluded that the parties did not create a partnership, that Derrick was the sole owner of the jointly branded Database, and that the MOU and the parties' business relationship ended on October 3, 2014. PLS has moved for an order certifying those findings and conclusions for interlocutory appeal under 28 U.S.C. § 1292(b). (Docket Entry No. 114). Based on the pleadings, the record, the motion, and the applicable law, the court denies PLS's motion to certify an interlocutory appeal. The reasons for this ruling are explained below.

## I. The Legal Standard

Under 28 U.S.C. § 1292(b), a district court may issue a certification for an interlocutory

appeal when "there is substantial ground for difference of opinion and [ ] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation." *Clark-Dietz & Assocs. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). "[F]act-review questions" are "inappropriate for § 1292(b) review." *Id.* "[T]here must be substantial ground for difference of opinion over the controlling question of law for certification under § 1292(b)." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). "But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Id.* (citing 4 AM. JUR. 2D APPELLATE REVIEW § 128 (2005)). A "key concern consistently underlying § 1292(b) decisions is whether permitting an interlocutory appeal will 'speed up the litigation.'" *Id.* (citing *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). Unless the statutory criteria are satisfied, "the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b)." *Ahrenholz*, 219 F.3d at 676.

## II. Analysis

PLS seeks an interlocutory appeal of the court's findings and conclusions that no partnership was formed under Texas law and that the MOU did not convey to PLS or to the parties' business venture an ownership interest in the Database. None of these issues meet the § 1292(b) criteria.

### A. The Findings and Conclusions that the Parties Did Not Enter a Partnership

PLS asks the court to certify for interlocutory appeal its findings and conclusions that the

parties did not create a partnership. PLS argues that the parties' contributions to the business venture "conclusively support formation of a partnership," and that the "established facts of PLS and Derrick . . . successfully developing and marketing the Oil & Gas Mergers & Acquisitions Database through a co-branded website necessarily lead[s] to the conclusion that a partnership was formed." (Docket Entry No. 114 at 2). PLS also argues that the court "excessively" focused on the Database rather than on the "overall Partnership business described in the MOU." (*Id.* at 1).

PLS has not shown that this court's ruling turned on a controlling question of law as to which there is a substantial difference in opinion, the first criteria under § 1292(b). The record shows otherwise. The parties agreed that the Texas Revised Partnership Act, Tex. Rev. Civ. Stat. art. 6132b-2.03(a), and *Ingram v. Deere*, 288 S.W.3d 886, 895 (Tex. 2009), applied. The controlling law was readily identifiable and neither disputed nor uncertain.

What the parties did dispute was the consequence of applying the clear Texas partnership law to the facts shown by the evidence and found by the court. The case law is clear that an interlocutory appeal is not appropriate when, as here, the outcome turns on applying clear law to the facts. *See Solis v. Universal Project Mgmt., Inc.*, No. CIV. A. H-08-1517, 2009 WL 2018260, at *4 (S.D. Tex. July 6, 2009) (citing *Stoffels v. SBC Comm's*, 572 F. Supp. 2d 809, 811 (W.D. Tex. 2008) ("[P]ermissive interlocutory appeals are not proper for determinations that involve applications of law to fact.")); Wright, Miller & Cooper, FED. PRAC & PROC., Jurisdiction 2d § 3930. The court's conclusion that Derrick and PLS did not form a partnership does not justify an interlocutory appeal.

**B. Conveyance**

PLS also seeks certification of the court's findings and conclusion that Derrick did not transfer any ownership interest in the Derrick or jointly branded Derrick/PLS Database to PLS or

to the business venture. PLS asserts that the court's discussion of statutory requirements for transferring copyright ownership was improper because Derrick did not claim a copyright interest in the jointly branded Derrick/PLS Database. PLS argues that to the extent copyright law applies, the court should have considered whether the MOU transferred to the "joint venture" the right to prepare derivative works of the Database. (Docket Entry No. 114 at 4). PLS argued that it owned 50 percent of the jointly branded Database by virtue of a partnership agreement. Alternatively, PLS claimed that "if the parties are not Joint Venture partners then they are tenants-in-common in the JV M&A Database." (Docket Entry No. 107 at 21). Derrick responded that the parties could not be joint owners of the Database because it was a form of intellectual property, and there was no written record of a transfer of ownership either in the MOU or elsewhere. (*See* Docket Entry No. 1, Complaint, at 19 (citing cases granting preliminary injunctions in favor of intellectual property owners); Docket Entry No. 105, Derrick's Proposed Findings of Fact and Conclusions of Law, at 24 ("There are no records evidencing any intellectual property transfer.")).

At trial, PLS objected that Derrick was "trying a copyright infringement case . . . because [it is] talking about the de minimus contributions and things like that." (Docket Entry No. 111, Bench Trial Tr., Vol. 4, p. 68). PLS argued that the conveyance or transfer issue had "nothing to do with copyright" or with which party made what contributions to the Database. PLS based its transfer-of ownership-argument on the MOU language. (*Id.* ("There is nothing that says I'm supposed to contribute anything to the database. . . . We are in a contract claim, and I believe under the contract we're entitled to our ownership of the database.")).

The court analyzed the parties' positions and evidence on whether Derrick had conveyed an ownership interest in the Database to PLS or to the parties' business. The court cited and analyzed

the law on transferring copyright interests, but only as an example of statutory and other guidance on what transferring intellectual property required. Neither party asserted a copyright infringement claim, but both parties recognized that the Database was a form of intellectual property. As the court noted in its findings of fact and conclusions of law, transfers of interests in intellectual property — including copyright transfers — must be clearly expressed in writing. The court also referred to the presumption that a person in possession of personal property is its owner, and the presumption that (even assuming there was a partnership), property used for partnership purposes is not conveyed to the partnership absent a clear expression of such an intent. The court found and concluded that neither the MOU's statement that Derrick "shall provide" the Database nor the parties' conduct after signing the MOU clearly expressed Derrick's intent to transfer 50 percent of its ownership of its intellectual property, the Database. The findings and conclusions did not rest on a controlling principle of law as to which there is a dispute. Again, the issue was the application of the clear law to the facts.

PLS now argues that Derrick assigned to the parties' business venture the right to prepare derivative works based on the Derrick Database. (Docket Entry No. 114 at 4). PLS did not raise this argument earlier. PLS did not present evidence or argument in support of this claims at the bench trial or in the motions and briefs filed earlier. Issues neither raised or addressed at trial are not appropriate for interlocutory review. *See Ryes v. BCS Ins. Co.*, 379 F. App'x 412, 415 (5th Cir. 2010) (declining to address an argument on interlocutory review that was not raised before the trial court); *see also Miller v. Bolger*, 802 F.2d 660, 666 (3d Cir. 1986) ("We have refused to reach an issue posed by an order appealed under section 1292(b) where that issue was not addressed by the district court," (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 764 (3d Cir.) (in banc), *cert.*

*denied*, 419 U.S. 885 (1974))).

### C. An Interlocutory Appeal Will Not Materially Advance the Litigation

Finally, the § 1292(b) appeal PLS seeks will not materially advance this litigation. The issues PLS raises can be appealed as soon as the remaining issues are resolved. The case has been handled expeditiously by all involved. The litigation is more efficiently advanced and resolved by deciding the disputed issues and appealing all the issues in one proceeding than by piecemeal and serial proceedings.

## III. Conclusion

PLS's motion for certification to permit an interlocutory appeal, (Docket Entry No. 114), is denied.

SIGNED on January 15, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge