United States District Court
Southern District of Texas
**ENTERED**
December 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERRICK PETROLEUM SERVICES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-1520 |
| | § | |
| PLS, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The defendant, PLS, Inc., moves to strike the testimony of Nancy Miracle, the designated expert of the plaintiff, Derrick Petroleum Services, because she and her company failed to comply with the State of Texas's licensing requirements. (Docket Entry No. 299). Derrick Petroleum Services has replied. (Docket Entry No. 301).

Miracle is designated to testify "as to the content, structure and organization of the 1Derrick News Portal, PLS's Opfinder database, PLS's so-called 'mirror database,' and any other PLS M&A database (or iterations therefore, collectively, the 'PLS M&A Database'), including analyses of the similarities and differences between these products and Derrick's Global M&A Database." (Docket Entry No. 299, Ex. A). PLS challenges Derrick's designation of Miracle as a Rule 702 witness because she is not licensed under chapter 1702 of the Texas Occupations Code. TEX. OCC. CODE § 1702.101. PLS does not contend that Miracle is otherwise unqualified.

Federal Rule of Evidence 702 allows a qualified witness to give testimony requiring specialized knowledge if that testimony would help the factfinder understand the evidence or determine a fact issue. FED. R. EVID. 702. The witness may be qualified by "knowledge, skill,

experience, training, or education." *Id.* Rule 702 makes no distinction between technical or scientific knowledge and "makes clear that any such knowledge might become the subject of expert testimony." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). "Prior qualification as an expert witness, specialized degrees, licenses or publications in their field, while all commendable, are not required to be possessed by every witness acting as an expert." *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 664 (S.D. Tex. 2009) (quoting *Plywood Prop. Assocs. v. Nat'l Flood Ins. Program*, 928 F. Supp. 500, 508 (D.N.J. 1996)); *see also Natchez Reg'l Med. Ctr. v. Quorum Health Res., LLC*, 879 F. Supp. 2d 556, 577 (S.D. Miss 2012) (Rule 702 "does not impose the extra requirement of certification; rather it provides that an expert should have specialized knowledge and anchor his opinion on reliable principles or methods."); *Voth v. State Farm Fire & Cas. Ins. Co.*, Civ No. 07-4393, 2009 WL 411459, at *7 (E.D. La. Feb. 17, 2009) ("Nothing in Rule 702 or *Daubert* requires that an expert be licensed in a state to provide expert testimony in that state.").

Under these authorities, Miracle's lack of a State occupational license is not, on its own, enough to strike her expert testimony. Even if Miracle was required to be licensed under the Code, excluding her testimony would not be the appropriate remedy. *See* TEX. OCC. CODE § 1702.381(a) (a person who is not licensed under the Code, or have a license application pending, may be assessed a civil penalty of $10,000 per violation); *Orr v. State*, 306 S.W.3d 380, 401 (Tex. App.—Fort Worth 2010, no pet.) ("Assuming [the expert] violated [the Code], the appropriate remedy is a civil fine payable to the State, not the exclusion of his testimony.").

PLS's argument is deficient on another ground as well. There is no indication that chapter 1702 of the Texas Occupations Code applies to qualify or disqualify witnesses like Miracle from

testifying under Rule 702. The Code regulates the practice of law enforcement and security in Texas. The Code authorizes the Texas Department of Public Safety to license and regulate companies in the business of conducting investigations and other security-related businesses. While the Code provides that a person may not act as an "investigations company" without a license, Miracle's consulting business is not an "investigations company" under the Code. *See* TEX. OCC. CODE § 1702.101; 1702.104(a). Miracle acted only to analyze evidence obtained by the parties. (Docket Entry No. 301 at 5).

PLS's motion to strike the expert testimony of Nancy Miracle, (Docket Entry No. 299), is denied.

SIGNED on December 27, 2016, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge